UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEFTON LEE MCFARLANE,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, *et al.*<br>Respondents. | Case No. 1:26-cv-05833 (VC)<br>**ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 8 |

Petitioner Sefton Lee McFarlane is an immigration detainee awaiting the outcome of his removal proceedings. In his Amended Petition for Writ of Habeas Corpus, he argues that his detention violates both his procedural and substantive due process rights. Dkt. No. 8 at 5–10. For the reasons that follow, the petition is GRANTED as to claim one. Because this claim affords Petitioner all the relief to which he is entitled—namely release from custody—the Court does not consider his remaining claims for relief.

## I. BACKGROUND

Petitioner is a citizen of Jamaica who last entered the United States in October 2024 on a B2 visitor's visa with an expiration of April 2025. Dkt. No. 7-1 at 2. Petitioner had no interactions with U.S. immigration authorities following its expiration. Prior to his arrest by ICE, he lived with his wife in Florida. Dkt. No. 8 at 1. His wife, as well as his adult children, are all lawful permanent residents of the United States. *Id*. On April 21, 2026, Petitioner was pulled over by law enforcement for allegedly driving too close to the center divider. *Id*. at 2–3. Police then placed him under arrest for driving without a license and because they found a small bag of marijuana in his car. *Id*. at 3.

After taking Petitioner into custody, police alerted ICE who subsequently issued an administrative warrant for Petitioner's arrest. Dkt. No. 7-3 at 1. The warrant submitted by Respondents is not signed by an Authorized Immigration Officer, and the "Certificate of Service" does not indicate that it was ever served on Petitioner. Indeed, Petitioner claims that he was never served with the warrant. *See* Dkt. No. 8 at 5.

Several days later, ICE issued a "Notice of Custody Determination" for Petitioner. Dkt. No. 13-1 at 1. The Notice is dated April 23, 2026, and states that Petitioner was to be "Detained by the Department of Homeland Security." *Id*. The Notice also included a section for Petitioner to sign to request a custody redetermination hearing. There is no signature on the line for Petitioner to sign, and instead there is a stamp stating, "REFUSED TO SIGN[.]" *Id*. Below that section is a certification signed by an immigration officer stating that "[t]he contents of this notice were read to [Petitioner] in the English language." *Id*. Petitioner claims that this document was never read or even presented to him, and that he could not have refused to sign it given that it was not served on him. Dkt. No. 14-3 at 1.

Petitioner contends that he was transfered to ICE custody on April 26, 2026. *Id*. He claims that the warrant and Notice of Custody Determination were not presented to him upon his transfer. *Id*. Indeed, he alleges that he saw both documents for the first time during these habeas proceedings. *Id*.

Petitioner was placed into removal proceedings and charged as removable for remaining in the United States for a period longer than permitted, in violation of section 237(a)(1)(B) of the INA. *See* Dkt. No. 7-5 at 1. In May 2026, Petitioner's attorney filed a motion for a custody redetermination hearing, and the hearing was held several weeks later. *See* Dkt. No. 7-4 at 1; Dkt. No. 13-2; Dkt. No. 1 at 12. The immigration judge denied Petitioner's request for release, finding that Petitioner was a danger to the community based on his arrest for driving too close to the center divider and possession of marijuana. Dkt. No. 8-1 at 1. Petitioner has not appealed the outcome of that bond hearing to the Board of Immigration Appeals.

## II. DISCUSSION

The Amended Petition brings claims for violations of Petitioner's Fifth Amendment due process rights based on ICE's failure to provide Petitioner with a pre-deprivation notice or hearing, as well their failure to follow the procedures under 8 U.S.C. § 1226(a) in detaining him. Dkt. No. 8 at 5–7. Petitioner argues that his post-deprivation bond hearing in May 2026 was insufficient to cure the pre-deprivation violation and, therefore, his continued detention violates his substantive due process independently of the due process violations involved in his arrest and initial detention. *Id*. at 7–10. Finally, Petitioner argues that his detention is punitive in violation of his substantive due process rights. *Id*. at 10–11.

Respondents maintain that "Petitioner is detained pursuant to 8 U.S.C. § 1226(a)" and that he "received the only relief to which he is entitled under the statute or Constitution"—specifically arrest upon a valid warrant, an initial custody determination made by an immigration officer, and a bond hearing to challenge that determination. Dkt. No. 7 at 1; Dkt. No. 13 at 2–3. Petitioner contends that he did not receive most of this process given that the warrant and Notice of Custody Determination were not served on him. Dkt. No. 8 at 5–6; Dkt. No. 14-3 at 1. This assertion is supported by Respondents' records: the certificate of service for the warrant is incomplete and unsigned, and the Notice of Custody Determination was not signed by Petitioner.

Section 1226(a) "and its regulations guarantee noncitizens detained under that provision multiple levels of 'substantial procedural protections' against the erroneous deprivation of their liberty[,]" including arrest upon a valid warrant, notice of the basis for continued detention, an initial custody determination made by an immigration officer, and a bond hearing to challenge that determination. *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) (quoting *Jacobo-Ramirez v. Mullin*, 834 F. Supp. 3d 1073 (D. Nev. 2026). Accordingly, courts have found that failure to abide by these procedures constitutes a due process violation entitling a noncitizen to release from ICE custody. *See, e.g.*, *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *3 (E.D. Cal. Aug. 10, 2026) (failure to issue a warrant and notice

of custody determination prior to petitioner's arrest violated §1226(a)); *Velasquez v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-07997-DC-CSK (HC), 2026 WL 3151071, at *3 (E.D. Cal. Oct. 21, 2026) (arrest before issuance of a notice to appear was unlawful); *Ramirez-Trejo v. Andrews*, No. 1:26-CV-08372-DC-CSK (HC), 2026 WL 3205146, at *2 (E.D. Cal. Oct. 26, 2026) (explaining that "[w]here the government fails to provide a noncitizen with the statutory protections of § 1226(a), that failure constitutes a breach of both his statutory and due process rights").

Here, respondents have not demonstrated that "an ICE officer with designated authority conduct[ed] an initial custody determination at the outset of detention, wherein the noncitizen ha[d] an opportunity to 'demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the noncitizen is likely to appear for any future proceeding.'" *Garcia-Maya*, 2026 WL 1965886, at *5 (quoting *Jacobo-Ramirez*, 834 F. Supp. 3d at 1091). Rather, the record shows that no initial custody determination was made: the warrant purportedly authorizing Petitioner's arrest is unsigned, and neither the warrant nor the Notice of Custody Determination were served on Petitioner. ICE's failure to provide Petitioner with the process he was entitled to under § 1226(a) constituted a due process violation. *See Moreno v. Chestnut*, No. 1:26-CV-07855-DC-JDP, 2026 WL 3136176 (E.D. Cal. Oct. 20, 2026) (failure by ICE to make initial custody determination rendered detention unlawful).

This violation was not remedied by the custody redetermination hearing Petitioner received a month after his initial arrest. "[F]ailure to comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful and that unlawfulness cannot be cured through belated compliance with statutory requirements." *Zurita Navarro*, 2026 WL 2294963, at *2. Accordingly, the appropriate remedy is immediate release.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Amended Petition for Writ of Habeas Corpus is GRANTED as to claim one. Respondents are ORDERED to immediately release Petitioner from

custody. If Respondents seeks to re-detain Petitioner, it must provide all the process to which he is statutorily entitled to under 8 U.S.C. § 1226(a). This Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: November 10, 2026

VINCE CHHABRIA
United States District Judge